NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LIANY ADLIM, Petitioner, v. JEFFERSON B. SESSIONS III, Attorney General, Respondent. | No. 15-73878 Agency No. A089-884-196 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 15, 2017**

Before: CANBY, TROTT, and GRABER, Circuit Judges.

Liany Adlim, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Adlim's testimony and documentary evidence as to the incident in February 2008, and as to her father's birthplace. *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances). Adlim's explanations for the inconsistencies do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, in this case, Adlim's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Adlim's CAT claim fails because it is based on the same testimony the agency found not credible, and Adlim does not point to any evidence that compels the finding it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to Indonesia. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**